1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GLENN LEE STEWARD,                          Civil No.    08-0632 BTM (CAB)

12                              Petitioner,

13                   vs.                          **ORDER TRANSFERRING ACTION
                                                 TO UNITED STATES DISTRICT
14                                               COURT FOR THE CENTRAL
     ROBERT HERNANDEZ, Warden,                   DISTRICT OF CALIFORNIA,
15                                               EASTERN DIVISION**
                                Respondent.

16

17         Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant

18   to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis.  Upon reviewing the

19   petition, the Court finds that this case should be transferred in the interest of justice.

20         A petition for writ of habeas corpus may be filed in the United States District Court of

21   either the judicial district in which the petitioner is presently confined or the judicial district in

22   which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

23   *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a

24   judgment of conviction that was entered in the San Bernadino Superior Court, which is within

25   the jurisdictional boundaries of the United States District Court for the Central District of

26   California, Eastern Division.  28 U.S.C. § 84(c)(1).  Petitioner is presently confined at R.J.

27   Donovan Correctional Facility in San Diego, California, located in San Diego County, which

28   is within the jurisdictional boundaries of the United States District Court for the Southern

1  District of California.  28 U.S.C. § 84(d).  Thus, jurisdiction exists in both the Central and
2  Southern Districts.

3    When a habeas petitioner is challenging a judgment of conviction, the district court of the
4  district in which the judgment of conviction was entered is a more convenient forum because of
5  the accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the
6  district courts in California to transfer habeas actions questioning judgments of conviction to the
7  district in which the judgment was entered.  Any and all records, witnesses and evidence
8  necessary for the resolution of Petitioner's contentions are available in San Bernadino County.
9  *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases
10 to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279
11 F. Supp. 265, 266 (N.D. Cal. 1968).

12   Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
13 transfer this matter to the United States District Court for the Central District of California,
14 Eastern Division.  *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk of
15 this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: April 28, 2008

Honorable Barry Ted Moskowitz
United States District Judge